UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GROVE MALLOY,<br><br>    Plaintiff,<br><br>  vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No: 20-cv-07312 SBA<br><br>Related Case No: 19-cv-07995 SBA (closed)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND "MEDICAL LEAVE" WITH WARNING**<br><br>Dkt. 54 |

Plaintiff Stephen Grove Malloy ("Plaintiff"), proceeding pro se, brings this employment discrimination action against more than fifty defendants ("Defendants").  On August 18, 2021, an order issued granting Defendants' motion to dismiss Plaintiff's complaint in its entirety.  Dkt. 39.  Plaintiff was given leave to file a first amended complaint within 30 days of the date the order was filed.  Id. at 24.  The order also dismissed the related action (Case No. 19-cv-07995) as duplicative.  Id.

On August 20, 2021, Plaintiff filed a motion requesting a 6-month continuance "in all matters" on the ground that his medical provider had "temporarily disabled him from work[,] [including] case management, for treatment."  Dkt. 41 at 2.  In place of a statement of facts, he attached a letter from his medical provider.  Id., Ex. 1.  Thereafter, Plaintiff filed several related filings, including an administrative motion to extend the deadline to file an amended complaint from September 17, 2021 to March 17, 2022.  Dkt. 45.  That motion was also based on Plaintiff's alleged temporary disability.  Id. at 2.  Defendants did not respond to either motion.

On September 8, 2021, an order was issued on the foregoing motions. Dkt. 47. The order noted that the letter from Plaintiff's medical provided little detail. Id. at 3. The letter advised that Plaintiff suffers from medical conditions that might be expected to interfere with his ability to litigate the action and that treatment for those conditions might extend up to 6 months. Id. (citing Dkt. 46-3). The letter did not state that Plaintiff was unable to proceed, only that it was "reasonable" he "not engage in employment (including legal/court practice – e.g. Pro Se Counsel)" until he could access and complete treatment. Id. (quoting Dkt. 46-3). Given the nature of the defects in Plaintiff's initial Complaint and the fact that no operative complaint was on file, there was some hesitancy to delay prosecution of the action. Id. Based on the information provided by Plaintiff's medical provider, however, the deadline to file an amended complaint was extended through March 17, 2022. Id. The order advised Plaintiff that "the deadline to file an amended complaint will not be extended indefinitely." Id. at 4. "Given the length of the extension [that was] granted," Plaintiff was warned that "further extensions will not be granted absent truly exigent and unforeseen circumstances." Id.[1]

To date, Plaintiff has not filed an amended complaint. On March 16, 2022, he filed the instant "ADA Motion" to extend his "medical leave" through May 1, 2022. Dkt. 54. Plaintiff notes that he previously provided a letter from his medical provider confirming that he was on medical leave through "March of 2022." Id. ¶ 1. Plaintiff claims he "subsequently updated the court thru filings with the D.C. & Ninth Circuit that his medical leave go thru May 1, 2022." Id. ¶ 2. He thus requests an order confirming that his medical leave will be extended through that date. Id. ¶ 3. In support of his motion, Plaintiff attaches an Exhibit 1, which he describes as "Ninth Circuit Medical leave ADA Medical Date 5/1/2022." Id. ¶ 4. The exhibit is an order from Plaintiff's separate appeal in the related action, wherein the Ninth Circuit extended Plaintiff's time to respond through May 1, 2022. No basis for the extension is provided.

---

[1] On September 18, 2021, Plaintiff appealed from the order granting Defendants' motion to dismiss the Complaint in this action. Dkt. 48. The Ninth Circuit dismissed the appeal from this case for lack of jurisdiction. Dkt. 52. Plaintiff also filed a separate appeal from the dismissal of the related action. That appeal remains pending.

Plaintiff's motion to further extend the deadline to file an amended complaint in this action is unsupported.  The original letter from Plaintiff's medical provider supported an extension only through March 2022, and Plaintiff offers no evidence showing that treatment is ongoing or that he is otherwise unable to proceed in litigating this action based on his medical condition.  Nor does the fact that Plaintiff was granted an extension on unknown grounds in a separate appeal before the Ninth Circuit support a further extension in this case.  Nevertheless, out of an abundance of caution and in the interest of resolving the action on the merits, the requested extension shall be granted.  **Plaintiff is warned that the deadline to file an amended complaint will not be extended indefinitely.  Given that Plaintiff will have had more than eight months to file an amended complaint, no further extensions will be granted absent exigent and unforeseen circumstances.  Finally, if Plaintiff fails to file an amended complaint within the time prescribed, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) without further notice.**

In view of the foregoing, IT IS HEREBY ORDERED THAT Plaintiff shall file a first amended complaint by no later than **May 1, 2022**.

IT IS SO ORDERED.

Dated: 4/15/2022

*Saundra B. Armstrong* RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge