UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GROVE MALLOY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No: 20-cv-07312 SBA<br><br>Related Case No: 19-cv-07995 SBA (closed)<br><br>**ORDER DISMISSING ACTION** |

I.  **BACKGROUND**

The procedural history of this and the related action is set forth in detail in prior orders. See Dkt. 39.  As is pertinent here, Plaintiff Stephen Grove Malloy ("Plaintiff"), proceeding pro se, first filed in this Court the related employment discrimination action.  Case No. 19-cv-07995 ("Malloy I").  The assigned Magistrate Judge granted Plaintiff's application to proceed in forma pauperis.  Thereafter, Plaintiff filed this seemingly identical action in the Superior Court of the State of California, County of San Francisco.  Case No. 20-cv-07321 ("Malloy II").  The defendants appeared, removed the action to this Court, and filed a motion to dismiss the Complaint.  The two actions were then related.

On August 18, 2021, an order issued that, among other things: (1) dismissed Malloy I as duplicative; and (2) granted the defendants' motion to dismiss the Complaint in Malloy II. Dkt. 39.  Plaintiff was directed to file an amended complaint within 30 days.  Shortly thereafter, on August 20, 2021, Plaintiff sought a 6-month continuance on the ground that his medical provider had "temporarily disabled him from work[,] [including] case management, for treatment."  Dkt. 41 at 2.  In place of a statement of facts, Plaintiff attached a letter from his

medical provider.  Dkt. 46-3.  The letter advised that Plaintiff was suffering from medical conditions that might be expected to interfere with his ability to litigate the action and that treatment might extend up to 6 months.  The letter further stated it was reasonable for Plaintiff to refrain from litigation activity until he could access and complete said treatment.

On September 8, 2021, an order issued granting the requested extension.  Dkt. 47.  The order noted that the medical provider's letter offered little detail.  Given the nature of the defects in Plaintiff's initial Complaint and the fact that no operative pleading was on file, there was some hesitancy to delay prosecution of the action.  Based on the limited information provided, however, the deadline to file an amended complaint was extended through March 17, 2022.  The order warned Plaintiff that "the deadline to file an amended complaint will not be extended indefinitely."  Id. at 4.  It further warned that "further extensions [would] not be granted absent truly exigent and unforeseen circumstances."  Id.[1]

Plaintiff did not file an amended complaint by March 17, 2022.  Instead, he filed an "ADA Motion" to extend his "medical leave" through May 1.  Dkt. 54.  However, as noted in the order that followed, Plaintiff offered no evidence to support a further extension.  Dkt. 55.  Nevertheless, out of an abundance of caution and in the interest of resolving the action on the merits, a further extension was granted.  Again, Plaintiff was cautioned that the deadline to file an amended complaint would not be extended indefinitely.  He also was warned that "no further extensions [would] be granted absent exigent and unforeseen circumstances," and that the failure to file an amended complaint within the time prescribed would result in dismissal under Federal Rule of Civil Procedure 41(b).  Id. (emphasis omitted).

Again, Plaintiff did not file an amended complaint within the time prescribed.  Instead, he filed a motion to extend his "medical stay" through August 1, 2022.  Dkt. 56.  Rather than provide new evidence in support of a further extension, Plaintiff challenged purported errors made by the Court in evaluating his prior extension requests.  On September 12, 2022, an order

---

[1] On September 18, 2021, Plaintiff filed a notice of appeal in both Malloy I and Malloy II.  On December 9, 2021, the Ninth Circuit dismissed Plaintiff's appeal in Malloy II for lack of jurisdiction.  The appeal in Malloy I remains pending.

issued denying Plaintiff's request for a further extension.  Dkt. 65.[2]  The order explained that Plaintiff had provided no evidence showing the circumstances initially warranting an extension—i.e., a medical condition temporarily disabling him from litigation activity—were ongoing.  The order noted that Plaintiff had prepared various filings since August 2021, which suggest he is capable of litigating.  Finally, given that Plaintiff had been afforded more than a year to file an amended complaint, the order found that any further extension was untenable.

The above notwithstanding, the Court granted Plaintiff "**a brief, final opportunity** to file an amended complaint before the action is dismissed." Dkt. 65 at 6 (emphasis in original).  Accordingly, Plaintiff was directed to file a first amended complaint (or, alternatively, a motion or stipulation for voluntary dismissal under Federal Rule of Civil Procedure 41(a)) by September 23, 2022.  The order stated: "**If [Plaintiff] fails to file an amended complaint within the time prescribed, the action will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), without further notice.**" Id. (emphasis in original).  It further provided: "**Plaintiff is warned that any motion seeking an extension (or other ancillary relief) will not suspend the deadline to file an amended complaint and may be summarily denied.**" Id. (emphasis in original).  The order concluded: "To proceed with this action, Plaintiff must file a first amended complaint that addresses the deficiencies discussed in Order re: Motions to Dismiss and Remand." Id. at 8.

Plaintiff has not filed an amended complaint as ordered.  On September 23, 2022, he filed a document titled "Response to Order to Show Cause." Dkt. 67.  Therein, Plaintiff asserts that the defendants made "materially false statements and misrepresentations" in their EEOC Position Statement, i.e., that the Regents of the University of California were unaware of any disability Plaintiff had during his employment.  Id. at 2.  As relief, he requests: (1) "an immediate ADA Medical Stay Pending Review for Petitioner"; (2) orders to show cause directed to defendants' counsel; and (3) a hearing with oral argument.  Id. at 7.

---

[2] The order also denied Plaintiff's administrative motions: (1) to reproduce the entirety of the dockets in Malloy I and Malloy II; (2) for leave to file motions for reconsideration; and (3) to exceed the page limit and for oral argument on the motions for reconsideration.

## II. DISCUSSION

### A. PLAINTIFF'S REQUEST FOR RELIEF

In his latest filing, Plaintiff requests "an immediate ADA Medical Stay" pending further review by this Court. Yet again, no evidence is provided to support a further stay on "medical" or other grounds. The only substantive matter raised in Plaintiff's filing is an alleged misrepresentation made by the defendants in their EEOC Position Statement. As an initial matter, the EEOC Position Statement is dated May 16, 2019. Plaintiff offers no explanation why this alleged misrepresentation, which has been known for some time, now necessitates relief. Moreover, the alleged misrepresentation (i.e., that the Regents of the University of California were unaware of any disability Plaintiff had during his employment) is entirely unrelated to the matters at issue. It has no bearing on either the filing of an amended complaint or the need for a further extension. Even assuming a misrepresentation was made, it has not formed the basis of any order. Indeed, as stated in the order dated September 12, 2022, no adverse finding has been made regarding Plaintiff's disability. Dkt. 65 at 5. Accordingly, the relief requested in Plaintiff's "Response to Order to Show Cause" is denied.

### B. DISMISSAL UNDER RULE 41(B)

Pursuant to Rule 41(b), the district court may dismiss an action where the plaintiff fails to prosecute or to comply with a court order. Failure to file an amended complaint within the time prescribed constitutes a basis for dismissal under Rule 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (affirming dismissal of an action for failure to amend in a timely manner). As stated above, Plaintiff has failed to comply with a court order directing him to file an amended complaint by September 23, 2022.

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support

dismissal ... or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  Four factors weigh in favor of dismissal here.

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish, 191 F.3d at 990.  Likewise, the Court's need to manage its docket also favors dismissal.  Plaintiff's failure to file an amended complaint has undermined the Court's ability to move toward an expeditious resolution of the case.  Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").  Indeed, the lack of an operative pleading has brought the action to a standstill.

The third factor—the risk of prejudice to the defendants—generally requires that the "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has indicated that the risk of prejudice is "related to the plaintiff's reason for defaulting in failing to timely amend."  Yourish, 191 F.3d at 991.  Here, Plaintiff offers no legitimate reason for his failure to file an amended complaint, and none can be found.  Plaintiff has been warned on at least three occasions that the deadline to file an amended complaint will not be extended indefinitely.  Additionally, the order dated September 12, 2022, explicitly warned of the consequences should Plaintiff fail to file an amended complaint.  It also warned that the deadline to file an amended complaint would not be suspended by a motion for a further extension (or other ancillary relief).  Despite these warnings, Plaintiff failed to file an amended complaint and instead filed a "Response to Order to Show Cause."  As discussed above, this most recent filing in no way justifies Plaintiff's failure to file an operative pleading.  The third factor thus weighs in favor of dismissal.

As to the fourth factor, the Court has already employed less drastic alternatives to dismissal.  In its initial order granting an extension, the Court warned that the deadline to file an amended complaint would not be extended indefinitely and that further extensions would not be granted absent truly exigent and unforeseen circumstances.  When Plaintiff's second request for an extension was filed without basis, the Court could have denied the same.  Instead, it granted Plaintiff a further extension, with the express warning that the failure to file

an amended complaint would result in dismissal.  Thereafter, Plaintiff again failed to file an amended complaint within the time prescribed.  Thus, when Plaintiff filed his third request for an extension, which was also without basis, the Court could have dismissed the action immediately.  Instead, although it denied Plaintiff's request, the Court afforded him one final opportunity to file an amended complaint.  In doing so, the Court warned that the failure to file an amended complaint within the time prescribed would result in dismissal.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

Although the final factor favoring disposition of cases on the merits weighs against dismissal, see Pagtalunan, 291 F.3d at 643, a disposition on the merits is impossible absent an operative pleading.  The Court has provided Plaintiff notice of the defects in his Complaint, leave to amend, and three extensions of the deadline to file an amended complaint.  In total, Plaintiff has had more than one year to file an operative pleading.  Given his continued failure to heed the Court's warnings, less drastic alternatives to dismissal can be employed no longer.

## III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiff's request for a "medical stay" and other ancillary relief is DENIED.  The action is DISMISSED with prejudice under Rule 41(b).  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 9/26/2022

*Saundra B. Armstrong* RS
Richard Seeborg for Saundra B. Armstrong
United States District Courts