UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GROVE MALLOY,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No: 20-cv-07312 SBA<br><br>Related Case No: 19-cv-07995 SBA (closed)<br><br>**ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND MOTION TO REMAND** |

On September 12, 2022, an order issued directing Plaintiff Stephen Grove Malloy ("Plaintiff"), who is proceeding pro se, to file an amended complaint by September 23 ("Order to Amend"). Dkt. 65. Plaintiff did not file an amended complaint as ordered. Instead, on September 23, he filed a document titled "Response to Order to Show Cause." Dkt. 67.

On September 26, 2022, an order issued dismissing the action under Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to file an amended complaint within the time prescribed ("Dismissal Order"). Dkt. 70. The Dismissal Order also addressed Plaintiff's "Response to Order to Show Cause," denying the relief sought therein.

Also on September 26, 2022, Plaintiff filed the instant administrative motion to file under seal, Dkt. 68, and motion to remand, Dkt. 69. The filings were made simultaneous to the issuance of the Dismissal Order, and thus, were not addressed therein. Although the action is now closed, Plaintiff's recent filings are addressed briefly below.

In the motion to remand, Plaintiff argues this action should be remanded on grounds raised in his prior motion to remand, which was denied. See Dkt. 18, 39. Even setting aside the procedural impropriety of bringing the instant motion without moving for reconsideration, it fails for the same reasons as the prior motion to remand. Accordingly, the motion is denied.

Notably, in his motion to remand, Plaintiff asserts that he "has not yielded" to this Court's prior orders—presumably including the order directing him to file an amended complaint—due to his belief that the action was improperly removed and all subsequent orders have been in error. Dkt. 69 at 9. Plaintiff thus appears to concede that his failure to file an amended complaint is deliberate.

In the administrative motion, Plaintiff seeks to file under seal certain medical records that he provides for the purpose of establishing that he is permanently disabled. As an initial matter, Plaintiff does not request any other affirmative relief in connection with this filing, such as a further extension. Indeed, as discussed above, he appears to abandon his request for a further extension and instead seeks an immediate remand of the action to state court.

Additionally, for the reasons set forth in the Order to Amend, the pertinent question is not whether Plaintiff is permanently disabled, but whether he is capable of litigating this action. The continued filing of motions (e.g., the motion to remand), demonstrate Plaintiff is able to engage in litigation activities. He has nonetheless opted not to file an amended complaint. Moreover, as explained in the Order to Amend, a further extension at this juncture is untenable.

In view of the foregoing, Plaintiff's administrative motion to file under seal is denied as moot. Because the motion is denied as moot, the filing shall remain under seal and need not be withdrawn or filed on the public docket. See N.D. Cal. Civ. L.R. 7-95(g)(2). No further action by Plaintiff is required.

IT IS SO ORDERED.

Dated: 9/28/2022

*Saundra B Armstrong* RS
Richard Seeborg for Saundra B. Armstrong
United States District Court